## In re Anonymous No. 44 D.B. 87

Disciplinary Board Docket no. 44 D.B. 87.

HILL, *Member,* February 23, 1990—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania, dated December 28, 1988, petitioner, [ ] was suspended for a period of one year to commence on January 28, 1989. The term of this suspension expired on January 28, 1990.

On August 30, 1989, petitioner filed this petition for reinstatement with the Disciplinary Board. On September 5, 1989, the matter was referred to Hearing Committee [ ], consisting of [ ]. A reinstatement hearing was held on November 3, 1989 at which petitioner was represented by [ ], Esq. and assistant disciplinary counsel appeared for the Office of Disciplinary Counsel. By its report filed December 15, 1989, the hearing committee recommended petitioner be reinstated to the practice of law in the Commonwealth of Pennsylvania. Neither the Office of Disciplinary Counsel nor petitioner filed exceptions to the report of the hearing committee.

## FINDINGS OF FACT

Petitioner, [ ], age 41, was admitted to the practice of law before the Supreme Court of Pennsylvania in November 1976. He currently maintains an office at [ ]. Petitioner obtained his undergraduate degree in 1970 from the University of [ ] and in 1976 earned his law degree from [ ] University. Petitioner has been married since 1972 and has two sons, ages 13 and 10.

Petitioner maintained a general practice in law as a sole practitioner sharing office space with several other attorneys from 1977 until the date of his suspension in 1989. Petitioner's practice of law was concentrated mainly in the areas of criminal law in the early part of his practice and became more concentrated in civil litigation and personal injury in the latter years prior to his suspension. Prior to the effective date of the suspension, petitioner negotiated with the other attorneys with whom he shared office space and secured a five-year lease on an office in the same suite of offices.

Petitioner's suspension was a result of the prior disciplinary proceeding in which petitioner was found to have engaged in the following misconduct which involved two separate charges: petitioner endorsed various drafts payable on behalf of his client without his client's authorization; failed to notify his client of the existence of said funds; failed to pay the monies to his client or on behalf of his client in a timely manner and misrepresented such facts to his client; failed to maintain the funds in a separate trust account; failed to keep accurate records of monies received on behalf of his client; and appropriated client funds to his own use by allowing his accounts to fall below the amount of the entrustment.

## DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

### *Moral Qualifications*

Petitioner's violations of the Disciplinary Rules of the Code of Professional Conduct were a result of the mishandling of client funds. Petitioner engaged in questionable practice when it came to billing clients and handling client funds. However, in the prior disciplinary proceeding, the Disciplinary Board found that petitioner's misconduct "was a case of poor office practices and poor judgment rather than an intentional effort to permanently convert client funds for personal use." Since the suspension, petitioner is fully aware of the impropriety of commingling of funds and recognizes the errors made in the past. He has indicated a resolve not to permit the mistakes of the past to occur in the future. In addition, petitioner has made full restitution to his aggrieved client.

Petitioner followed all rules and procedures of removing himself from the practice of law as required by the Supreme Court of Pennsylvania. Petitioner promptly removed his name from the office

suite, office accounts and indexes, and removed his name from the listing of attorneys through the Bell Telephone Company. On behalf of petitioner, Attorney [A] testified to the above facts. At no time did petitioner practice law nor did he collect any fees. In addition, three witnesses testified to the excellent reputation petitioner holds in the legal community. One witness, [B], Esq., also testified to the excellent reputation the petitioner holds in the community of [ ] and to petitioner's involvement with church and community activities.

The Disciplinary Board has found that petitioner possesses the requisite moral qualifications to be reinstated to the practice of law in the Commonwealth of Pennsylvania.

## Competency and Learning in the Law

During the year of suspension, petitioner did research work for other attorneys, investigative work and appellate briefs. The appellate briefs included cases before the Pennsylvania Superior Court and briefs for the Federal District Court of [ ] Pennsylvania. Petitioner has assisted [A], Esq., who has an extensive personal injury practice. Petitioner's services were employed in the area of investigation, interviewing prospective witnesses, and researching and writing memorandums of law. While refraining from the practice of law, petitioner remained in the office environment on a regular basis where he made available to himself the advance sheets, the Pennsylvania Edition Reporters, and other current case literature.

Petitioner has elected to take a business seminar course in the PCL of the State of Pennsylvania. He has taken a course in creditors' rights in bankruptcy and he has kept himself abreast in taking courses in

federal sentencing guidelines and Pennsylvania State sentencing guidelines. Further, petitioner recently has had a rather lengthy major seminar in the City of [ ] regarding professional conduct for a lawyer in the 1990s. Petitioner has filed exhibits indicating that he has attended the seminars for which he had previously testified.

In light of this evidence, petitioner has proven that he has the requisite competency and learning in the law necessary for reinstatement to the practice of law.

## *Resumption of the Practice of Law*

Petitioner is fully aware of the gravity of his past misconduct and recognizes the errors he has made. Petitioner had indicated his firm resolve to improve his office procedure so as not to repeat his mistakes. On cross-examination, petitioner stated that he plans to employ the office procedure used by another attorney whom petitioner has consulted. Petitioner's new office procedure would include maintaining a ledger of all incoming clients, keeping accurate records of client funds, and properly placing client funds in escrow accounts.

In addition, witness [A], Esq., stated that in the event petitioner is reinstated, he would not hesitate to have petitioner work on any matter for him. Another witness, [C], Esq., affirmed the frequent appearances of the petitioner in his office reading and staying current on the status of law and stated that he would not hesitate to employ the legal services of petitioner if he were reinstated.

The one-year suspension has caused petitioner to realize the importance and necessity of proper office practice in maintaining client funds. The Disciplinary Board concurs in the hearing committee's belief

that the testimony of petitioner at the reinstatement hearing was honest, open, and credible and that petitioner's past experience will deter him from future violations. The board finds that petitioner's resumption to the practice of law would not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes that petitioner has demonstrated by clear and convincing evidence that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has demonstrated that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Ms. Heh was absent and did not participate in the adjudication.

## ORDER

And now, June 4, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated February 23, 1990, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.